UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RAHMAN SHABAZZ, INDIVIDUALLY AND AS A
PARENT AND NATURAL GUARDIAN OF P.H.

                              Plaintiffs,

-against-

MATTHEW TIVY
                              Defendant.
------------------------------------------------------------------X

**VERIFIED COMPLAINT**
Docket No.:

Jury Trial Demanded

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s), Rahman Shabazz and/or P.H., by and through their undersigned counsel hereby files this Verified Complaint against Matthew Tivy and state as follows:

### PARTIES

1) P.H. is a citizen and resident of the State of New York.

2) Defendant, Matthew Tivy is a citizen and resident of the State of New York. At all relevant times, Matthew Tivy was an internationally known as "Celebrity Chef" and appeared on Food Network's program "Chef Du Jour."

### JURISDICTION AND VENUE

3) This action seeks damage in excess of 10,000,000.00 (ten million dollars).

4) This Court has jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiff alleges a claim under the laws of the United States.

5) This Court has venue of this action pursuant to 25 U.S.C. §1391 as and §139(b) in that the Defendant is a resident of this District and otherwise subject to personal jurisdiction in this judicial district. Additionally, a substantial part of the events giving rise to this claim occurred in this District.

## AS AND FOR A FIRST CAUSE OF ACTION
(Coercion and Enticement to Sexual Activity in Violation of 18 U.S.C. 2422)

6) Plaintiff, Rahman Shabazz on behalf of P.H. and himself repeats and reinstates such and every allegation contained in paragraphs numbered "1" through "5" inclusive of this complaint.

7) Matthew Tivy, upon information and belief was an unmarried adult male living a prominent public celebrity life around the restaurant business, appearing as a Celebrity Chef on television, while at the same time he was, in secret, preying on teenage boys to satisfy his depraved sexual interest.

8) Defendant presently has been indicted criminally for violation of 18 U.S.C. Sections 2251(a), (e) and 2, Inducement of Minor to Engage in Sexually Explicit Conduct; 18 U.S.C. 2252A (a) (2)(b), (b) (1) and (2) Receipt and Distribution of Child Pornography pursuant to indictment 15-Cr-855.

9) Defendant, Matthew Tivy distributed by way of the Internet, and/or a phone application messaging depraved sexual interest between himself and P.H. as well as five other minors.

10) Matthew Tivy was a member of "Grindr" a gay chat line, "Kik" and/or "Chaturbate.com" whereupon he met and had sex with underage boys, more specifically P.H.

11) When P.H. was (fourteen-fifteen) years old, he corresponded with and met Matthew Tivy, known to him at the time as "Matt", by way of "Grindr" and/or "Kik" which are messaging Application (App), upon information and belief "Grindr" is a gay chat line/phone application seeking sexual encounters.

12) During his conversations and/or text messaging with Matthew Tivy, the defendant persuaded, induced, coerced or enticed P.H. to meet him for a sexual encounter including exchanging nude photographs with each other using the Grindr Application.

13) Matthew Tivy was informed during his sexual encounters with P.H. that P.H. was a minor, age 15. Matthew Tivy upon learning P.H.'s age stated in sum and substance "I messed with guys your age before."

14) Matthew Tivy performed sexual acts such as oral and anal sex with P.H. and inquired when they could meet again. Said salacious acts occurred in Bronx County, New York on/or about December 30, 2014. Upon information and belief the sexual encounter has been videotaped by phone. At the defendant's request P.H. sent a copy of the videotapes to the defendant. The defendant, after the encounter proposed that the next time they would meet they could have a threesome.

15) After this depraved act, Matthew Tivy contacted Plaintiff, P.H., to discuss the encounter. Later the defendant texted P.H. and suggested that they travel to New Jersey when he P.H. turns 16. The defendant explained that the age to have sex in New Jersey is 16.

16) P.H. was compliant in this sexual activity, unaware of the harm being caused to him immediately and long term.

17) At the time of their sexual encounter and in the months that followed, P.H. did not know the true identity of the defendant.

18) P.H. learned the true identity of "Matt" as being the defendant, Mathew Tivy, when contacted by the FBI.

19) Matthew Tivy used a facility or means to initiate commerce or, to knowingly persuade, seduce or entice P.H. when he was under the age of eighteen, (18), years, to engage in sexual activity for which Matthew Tivy can be/is charged with a criminal offense.

20) Upon information and belief, Matthew Tivy, frequented this application/chat room with the intent of persuading, induced, coercing or enticing underage boys, to meet him for sexual encounters. Consistent with this scheme, upon information and belief, Matthew Tivy, did meet multiple boys for sexual encounters after chatting with them including the

3

plaintiff herein.

21) Matthew Tivy's acts and conduct are in violation of 18 U.S.C. § 2251 and 2252A.

22) As a result of Matthew Tivy's violation of 18 U.S.C. § 2251 and 2252A, Plaintiff, has suffered personal injuries. In particular, as a direct and proximate result of engaging in sexual activity with Matthew Tivy and as minor, P.H. suffered severe injuries, including but not limited to mental, psychological and emotional trauma. These injuries are continuing and permanent nature.

## AS AND FOR A SECOND CAUSE OF ACTION
(Assault)

23) Plaintiff, Rahman Shabazz on behalf of P.H. and himself repeats and reinstates such and every allegation contained in paragraphs numbered "1" through "22" inclusive of this complaint.

24) On/or about December 30, 2014, Defendant, Celebrity Chef Matthew Tivy committed an assault, other intentional torts upon the infant Plaintiff, P.H. Said sexual assault was not consensual given P.H. age and P.H. true understanding of defendant's actions.

25) As a result of the foregoing, the infant Plaintiff, P.H., was caused to suffer and will continue to suffer great physical and mental pain.

26) By reason of the forgoing intentional acts, Plaintiffs, Rahman Shabazz and P.H., claim punitive damages.

27) By reason of the forgoing, the Defendant, Matthew Tivy, is liable to the Plaintiffs, Rahman Shabazz and P.H., for compensatory, punitive, and exemplary damages.

## AS AND FOR A THIRD CAUSE OF ACTION
(Battery)

28) Plaintiff, Rahman Shabazz on behalf of P.H. and himself repeats and reinstates such and every allegation contained in paragraphs numbered "1" through "27" inclusive of this

complaint.

29) On/or about December 30, 2014, Defendant, Matthew Tivy, committed, battery and other intentional torts upon the infant Plaintiff, P.H. Said offensive contact was not consensual given P.H. age and P.H. true understanding of defendant's actions.

30) As a result of the forgoing, the infant Plaintiff was caused to suffer and will continue to suffer great physical and mental pain.

31) By reason of the foregoing intentional acts, Plaintiff, Rahman Shabazz and P.H., claims punitive damages.

32) By reason of the forgoing, the Defendant, Matthew Tivy, is liable to the Plaintiff, Rahman Shabazz and P.H., for compensatory, punitive and exemplary damages.

33) The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Intentional Infliction of Emotion Distress)

34) Plaintiff, Rahman Shabazz on behalf of P.H. and himself repeats and reinstates such and every allegation contained in paragraphs numbered "1" through "33" inclusive of this complaint.

35) On/or about December 30, 2014, Defendant, Matthew Tivy, committed an assault, battery, sexual assault and intentional infliction torts upon the infant Plaintiff, P.H.

36) As a result of the forgoing, the infant Plaintiff was caused to suffer and continues to suffer great physical and mental pain for which Rahman Shabazz and P.H. are in therapy.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Negligence)

37) Plaintiff, Rahman Shabazz on behalf of P.H. and himself repeats and reinstates such and every allegation contained in paragraphs numbered "1" through "36" inclusive of this complaint.

38) On/or about December 30, 2014, Matthew Tivy, negligently caused injury to the infant Plaintiff, P.H.

39) As a result of the foregoing, the infant Plaintiff was caused to suffer and will continue to suffer great physical and mental pain.

40) By reason of the forgoing, the Defendant, Matthew Tivy, is liable to the Plaintiff, Rahman Shabazz and P.H., for compensatory damages.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Loss of Consortium)

41) Plaintiff, Rahman Shabazz repeats and reinstates such and every allegation contained in paragraphs numbered "1" through "40" inclusive of this complaint.

42) Plaintiff, Rahman Shabazz, was and still is the father of the infant Plaintiff, P.H., and as such father, then and ever since, guides, supports and cohabited with the infant Plaintiff, P.H.

43) By reason of the foregoing, Plaintiff, Rahman Shabazz, has been deprived of the services, society, and companionship of his son.

44) By reason of the foregoing, Defendant, Matthew Tivy is liable to the Plaintiff, Rahman Shabazz, for compensatory damages.

WHEREFORE, Plaintiff, Rahman Shabazz on behalf of P.H. and himself hereby demands judgement against Defendant, Matthew Tivy, for all damages, costs of suit, and attorney fees and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

45) Plaintiff(s) hereby demand a trial of their claims by jury.

Dated: New York, New York
April __, 2016

Emdin & Russell, LLP.
Royce Russell, Esq.
Attorneys for Plaintiffs
499 Seventh Avenue, 12N
New York, New York 10018
(212) 683-3995

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of the State of New York certifies as follows:

That I am an attorney associated with the law firm of Emdin & Russell, LLP., the attorneys of record for the Plaintiff(s) in the within action; that I have read the foregoing Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.

The undersigned further states that the reason this Complaint is made by me and not by the Plaintiff(s) is that the Plaintiff(s) do not reside in the County where the undersigned maintains an office.

The grounds of my belief as to all matters stated upon my knowledge are my interviews with the Plaintiff(s) and a reading of the documents in my case file.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated: New York, New York
April 11, 2016

By: Royce Russell, Esq.